IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SANDRA FAYE PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-170 |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Sandra Faye Pierce ("Plaintiff") appeals the decision of the Acting Commissioner of Social Security (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I.   BACKGROUND**

Plaintiff applied for DIB and SSI on January 16, 2009, alleging a disability onset date of October 27, 2004. Tr. ("R"), 50, 98-99, 333-36. The Social Security Administration denied Plaintiff's applications initially, R. 73-76, and on reconsideration, R. 81-84, 337-40. Plaintiff

requested a hearing before the Administrative Law Judge ("ALJ"), R. 85, and the ALJ held a hearing on January 10, 2012. R. 347-74. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Robert E. Ravin, Jr., a Vocational Expert ("VE"). R. 347-74.

Plaintiff previously applied for DIB and SSI, which resulted in a partially favorable decision by ALJ Richard Vogel on October 2, 2008. R. 18. ALJ Vogel determined that claimant was disabled from October 7, 2004 through November 13, 2006, but beginning on November 14, 2006, medical improvement enabled Plaintiff to perform substantial gainful activity from November 14, 2006 through, October 2, 2008, the date of his decision. Id. Because Plaintiff did not request a review of ALJ Vogel's October 2008 decision, the current AJL found the earliest possible onset of Plaintiff's disability for the present applications was October 3, 2008. R. 18, 33-49.

On February 14, 2012, the ALJ issued an unfavorable decision. R. 15-32. Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since October 3, 2008, the date of the current relevant period of alleged disability (20 C.F.R. §§ 404.1571 *et seq*. & 416.971 *et seq*.).

2. The claimant has the following severe impairments: degenerative joint disease, affective and mood disorders, and obesity (20 C.F.R. §§ 404.1520(c) & 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work[1] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she is limited to no more than occasional balancing, and is precluded from climbing with respect to ladders, ropes, and scaffolds. She could understand, recall, and carry out all commands related to simple and detailed tasks despite variable concentration, pace, and mood; she would respond best to a reduced level of ongoing direct work with the general public, but could relate appropriately to supervisors and coworkers; she could respond appropriately to normal but not fast paced change in the work setting; she could be aware of normal hazards and take appropriate precautions; she could travel in unfamiliar places or use public transportation; and she could set realistic goals or make plans independently of others. Thus, the claimant is unable to perform any past relevant work as a licensed practical nurse or peer mentor. (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy, including file clerk, inspector, and security guard. (20 C.F.R. §§ 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a), and 416.968(d).) Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from October 27, 2004[2] through February 14, 2012 (the date of the ALJ's decision) (20 C.F.R. § 404.1520(g) and 416.920(g)).

R. 21-32.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 6-8, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g).

---

[1]"Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567 & 416.967(b).

[2]The Commissioner contends and Plaintiff does not dispute that this is merely a typographical error because the opinion otherwise states that the relevant period began on October 3, 2008. (See doc. no. 10 ("Comm'r's Br."), p. 3 n.1; doc. no. 9 ("Pl.'s Br.").)

Plaintiff then filed this civil action requesting reversal or remand. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ did not properly analyze degenerative joint disease in her knees, which affected his RFC determination and evaluation of Plaintiff's credibility. See Pl.'s Br. The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. See Comm'r's Br.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at

4

1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff contends that the ALJ failed to properly analyze medical evidence regarding degenerative joint disease in her knees because he ignored evidence of Plaintiff's May 2006 right knee arthroscopy found in ALJ Vogel's decision. Pl's Br., pp. 4-7. Plaintiff asserts this impacted the ALJ's decision in two ways. First, the ALJ purportedly did not consider the surgery when determining her RFC because the ALJ stated in his decision "there is no evidence of record documenting those procedures." Pl's Br., p. 4; R. 21. Second, the ALJ improperly discredited Plaintiff's allegations of the severity of her pain and limitations because, in the absence of the arthroscopy, the ALJ found Plaintiff "has not sought or received treatment of the nature or frequency that would be expected for the severity of the

5

symptoms and limitations she described." Pl.'s Br., p. 5. Plaintiff's argument mischaracterizes the ALJ's decision and ignores the large majority of it. Not only did the ALJ consider the evidence regarding Plaintiff's degenerative joint disease in her knees, but the ALJ also supported his RFC determination and credibility assessment with substantial evidence.

### A. Applicable Standards

Plaintiff's RFC represents her remaining ability to do work despite her impairments. Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808 (11th Cir. 2013). Under Social Security Ruling ("SSR") 96-8p, the determination of RFC is reserved to the ALJ and is based on all the relevant medical and other evidence in the record. SSR 96-8p, 1996 WL 374184, at *2 (1996); see also 20 C.F.R. § 404.1545(a); Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). In assessing Plaintiff's RFC, the ALJ will consider Plaintiff's descriptions and observations of her limitations. 20 C.F.R. § 404.1545(a).

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

6

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

**B.     Analysis of the ALJ's Findings**

The ALJ properly found that the degenerative joint disease in Plaintiff's knees was a severe impairment, but that (1) the objective evidence and clinical observations did not support the degree of limitation alleged by Plaintiff, and (2) Plaintiff could perform a reduced range of light work. R. 21, 25-30. Substantial evidence supports those determinations.

First, the ALJ found Dr. Juanita Trimor's observations from an August 2010 consultative examination did not support the severe restrictions in sitting, standing, and walking alleged by Plaintiff. R. 26, 28, 356. Dr. Trimor noted that Plaintiff was in no apparent distress, despite her complaints of joint pain. R. 28, 259-99. Dr. Trimor also found no swelling of Plaintiff's knees, she had a normal range of motion of her knees, full motor strength in her legs, normal sensory function, and normal gait and station. Id.

7

Second, the ALJ carefully considered the opinions of state agency consultants Dr. Howard Colier and Dr. Robert G. Haas and properly determined that Plaintiff could perform light work despite the joint disease. An ALJ may give state agency opinions great weight if substantial evidence supports them. SSR 96-6p, 1996 WL 374180; Jarrett v. Comm'r of Soc. Sec., No. 10-13911, 2011 WL 1378108, at *3-5 (11th Cir. Apr. 11, 2011) (concluding ALJ properly gave more weight to non-examining consultants' opinions over a treating physician's opinion). In July 2009, Dr. Haas found that Plaintiff could perform light work, but noted several postural and environmental limitations, including in climbing, kneeling, crouching, and crawling. R. 29, 225-26. The ALJ acknowledged Dr. Haas's findings, but found that they were inconsistent with her treatment history. R. 29. Indeed, in a later examination on November 1, 2010, Dr. Colier reviewed Plaintiff's records, including Dr. Trimor's examination, and opined Plaintiff could perform medium work with unlimited ability to push and/or pull, including operation of foot controls. R. 29, 302. Dr. Colier also opined that Plaintiff could engage in occasional balancing, but should never climb ladders, ropes, or scaffolds. Id. The ALJ found Dr. Colier's conclusions to be more precise, but nevertheless gave Plaintiff the benefit of the doubt and found she was even more limited that Dr. Colier opined, and limited her to light work. R. 29.

Plaintiff asserts two statements by the ALJ prove the RFC and credibility determinations are flawed because the ALJ ignored evidence of Plaintiff's May 2006 right knee arthroscopy found in ALJ Vogel's decision. Plaintiff first highlights the ALJ's statement that, "Consultative medical examinations in June 2009 and August 2010 indicate that the claimant reported a history of arthroscopy or laparoscopic surgery on both knees; however there is no evidence of record documenting these procedures." R. 21. Contrary to

8

Plaintiff's argument, this statement by the ALJ is entirely correct because medical evidence of a prior knee surgery was not in the administrative record before the ALJ. Instead, ALJ Vogel referenced the evidence in the final decision that he entered in a prior proceeding. ALJ Vogel stated Plaintiff "underwent right knee arthroscopy in May 2006" and cited the medical record for the procedure. R. 43. Accordingly, as the ALJ correctly noted, there was no firsthand documentation of the procedure, such as post-operative notes from the doctor performing the surgery, in the current administrative record. Moreover, ALJ Vogel found that the May 2006 surgery caused medical improvement, which allowed Plaintiff to perform the full range of light work as of November 14, 2006, and therefore was not disabled from that date. R. 45-48. Indeed, as more recent evidence of medical improvement, the ALJ noted that June 2009 x-rays of Plaintiff's knee revealed only mild to moderate narrowing of the knee joint space and that degenerative changes were stable when compared to prior studies. R. 21, 220.

Plaintiff next points to the ALJ's conclusion that Plaintiff "has not sought or received treatment of the nature or frequency that would be expected for the severity of the symptoms and limitations she described." R. 30. Plaintiff contends this statement shows the ALJ discredited Plaintiff's allegations concerning the severity of her pain and limitations because he did not believe she had a right knee arthroscopy. Pl.'s Br., p. 5. However, the ALJ limited his opinion to the relevant period, which began on October 3, 2008, well after the May 2006 arthroscopy. R. 18, 25-30. Furthermore, as discussed above, the ALJ properly reviewed Plaintiff's allegations of total disability with the medical evidence of record and found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms were not consistent with the record, including the 2009 x-rays and the

9

opinions of Drs. Trimor, Haas, and Colier, and gave explicit and adequate reasons for his finding.  Foote, 67 F.3d at 1561-62; Dyer, 395 F.3d at 1210-11.

In sum, the ALJ properly analyzed all the evidence of record concerning Plaintiff's degenerative joint disease, including the evidence of Plaintiff's May 2006 right knee arthroscopy, and determined that from October 3, 2008 through the date of the ALJ's decision, Plaintiff could perform a reduced range of light work, and therefore, was not disabled.  Phillips, 357 F.3d at 1238.  Accordingly, substantial evidence supports the ALJ's RFC determination.  Barron, 924 F.2d at 230.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 1st day of December, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA